■ In the Matter of the Claim of WILLIAM STEINBERG, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board which sustained the determination of the Industrial Commissioner that claimant's benefits be held in abeyance because the corporate employer of which claimant was president is delinquent in the payment of unemployment insurance contributions. The claimant was the president and a 25% stockholder of the employer, Rambler Rose Corporation, and had been so employed for approximately 44 years when the corporation made an assignment for benefit of creditors on May 25, 1964. The corporation was delinquent in the payment of unemployment insurance contributions for the third and fourth quarters of 1963 in the amount of $761.56. Pursuant to a deferred payment agreement, this delinquency was reduced to $526.45 plus a $10 penalty, at the time of the assignment for benefit of creditors and resulting termination of claimant's employment. The determination to hold the claimant's benefits in abeyance, pending payment of the delinquent contributions, was based upon the equitable theory "that claimants who were in control of a corporation should not be permitted to profit by their failure to comply with the law which requires the

payment of contributions on remuneration paid to employees." The respondent does not claim that the claimant is disqualified for benefits, nor is it claimed that he is not a covered employee. The respondent supports its decision on the basis that a corporation can only act through its directors and officers and that the criminal sanctions of section 631 of the Labor Law imposes a personal duty to make certain that unemployment insurance contributions are paid. Section 631 which provides that the officers of a corporation are guilty of a misdemeanor, if the corporation is convicted of a violation under title 9 of the Labor Law, must be read in conjunction with section 633, which provides that " Any person who wilfully refuses or fails to pay a contribution to the fund, shall be guilty of a misdemeanor." The respondent, however, does not assert that there exists a willful failure or refusal to pay contributions in this case, and the record indicates that the failure to pay was not willful. There is also no provision in the Labor Law which imposes a personal liability upon the officers of a corporation for the payment of contributions, unless it can be said that such responsibility is imposed by implication by sections 631 and 633 in the event of a willful refusal or failure to pay. The determination of the respondent must then rest upon his assertion that the claimant paid himself his full salary of $150 per week up to the date of the assignment for benefit of creditors, implying by this assertion, that the claimant should have deducted from his salary the amount of the delinquent contributions. This position, however, is untenable in the face of section 635 which makes it a misdemeanor for an employer to make a deduction from the remuneration of any employee to pay a portion of the contribution. The respondent also argues that the policy of the State requires the establishment of sufficient reserves for the payment of benefits, and that the claimant should not be permitted to shield himself behind his corporate title. This argument is refuted by section 635 and also by section 574 which provides for the priority of contributions in the event of insolvency or bankruptcy. The Legislature, in enacting section 574, must be presumed to have had in mind situations exactly like the instant case, yet it failed to provide for personal responsibility of corporate officers in the event that contributions were not collectible despite the priority provisions of this section of the law. Decision reversed, and claim remitted for further proceedings consistent herewith, with costs to claimant. Gibson, P. J., Herlihy, Reynolds and Brink, JJ., concur with Staley, Jr., J.